## COLLEY v. ALAMO LUMBER CO.
### (No. 6485.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1921. Rehearing Denied Feb. 16, 1921.)

1. **Vendor and purchaser** &⟶328—Petition alleging purchaser's breach held sufficient.

In vendor's action for breach of contract of purchase of land, petition disclosing the sale of the land, vendor's compliance with all the terms thereof, and purchaser's refusal to perform, *held* sufficient as against general demurrer.

2. **Pleading** &⟶34(3)—Every intendment taken in favor of petition on general demurrer.

Every intendment will be taken in favor of a petition challenged by general demurrer.

3. **Pleading** &⟶214(1)—General demurrer admits truth of petition.

General demurrer to petition admits the truth thereof.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Mrs. Medora R. Colley against the Alamo Lumber Company, in which the plaintiff's children were made plaintiffs on death of plaintiff. Judgment of dismissal, and plaintiffs bring error. Reversed and remanded.

Lewright & Lewright, of San Antonio, for plaintiffs in error.

W. H. Kennon, of San Antonio, for defendant in error.

COBBS, J. We copy plaintiff in error's statement:

"This suit was originally brought by Mrs. Medora R. Colley against Alamo Lumber Company, of San Antonio, Tex., to recover title to and possession of certain lots in Smiley, Gonzales county, Tex., as also the reasonable rentals for the use of said premises and the sum of $250 as liquidated damages for alleged breach of contract by said Alamo Lumber Company. Subsequently Mrs. Colley died, and her three surviving children, and sole heirs at law, made themselves parties plaintiff in her stead. On November 10, 1919, said plaintiffs filed their third amended original petition, wherein they sought still to recover said $250 as liquidated damages and also said reasonable rentals, and the further sum of $5,000 as actual damages arising from the fact that defendant had, during the pendency of said suit, wrongfully and unlawfully removed from said premises certain buildings. On May 1, 1920, the trial judge sustained defendant's general

demurrer and various special exceptions to said third amended original petition. Thereupon said plaintiffs, with leave of court, filed their trial amendment to said third amended original petition, and thereupon the trial judge again sustained said general demurrer and special exceptions of defendant below to said third amended original petition as amended by said trial amendment thereto, and thereupon plaintiffs refused further to amend, and the trial court dismissed the cause, at the cost of said plaintiffs."

The action of the court in sustaining the demurrers and dismissing the case is assigned as error. Defendant, upon the refusal of plaintiff in error to comply with the objections made to the title, vacated the premises and removed the improvements therefrom.

It is alleged that the premises were leased with a clause therein that the tenant might make improvements, with permission to remove same at the termination of the lease; that shortly after the expiration of the lease the parties entered into a written contract whereby plaintiff in error agreed to sell and defendant agreed to purchase said property for a stipulated price, plaintiff agreeing to furnish abstract of title showing title in plaintiff within a certain stipulated period of time, to be passed upon and subject to the approval of the purchaser's attorney, who upon the abstract furnished accepted and approved title after certain objections made thereto had been cured; subsequently, and before the conclusion of the trade, a new objection was urged thereto by the attorney, which the seller, plaintiff in error, regarding it as without merit and as being arbitrarily made, refused to comply with; whereupon defendant declined to accept without such objections were cured, hence no further steps were taken to pass the title, one refusing to correct and the other refusing to buy; that the orig-inal contract of sale stipulated that the sum of $250 put up as liquidated damages by defendant should be forfeited to plaintiff in error if defendant wrongfully failed or refused to consummate the purchase.

The original term of lease expiring at or before the conclusion of the negotiations of sale and purchase, it is alleged it was impliedly agreed defendant should not remove the improvements consisting of buildings, unless said trade should finally fail of consummation. Upon the alleged failure of defendant to comply with his contract plaintiff in error demanded and claimed as liquidated damages for the breach of the contract the said $250 put up for that purpose and likewise demanded of defendant the possession of said premises. It is alleged the defendant ignored the demand and remained in possession of the premises for about nine months or nearly one year after the expiration of the lease, and never paid or offered to pay any rent after the expiration of the term. In the suit which plaintiff in error brought during the time of defendant's occupancy for the possession of the premises and for damages and rent she also prayed for further damages because defendant, over plaintiff in error's protest, removed the improvements therefrom estimated to be worth $5,000.

[1-3] The petition discloses a sale in which the plaintiff in error complied with all the terms thereof and which defendant in error refused to perform. Every intendment therefore will be taken in favor of a petition, challenged by general demurrer which in legal effect admits the truth thereof.

From an examination of the petition we are convinced that the court erred in not permitting the case to be tried on its merits, and therefore reverse the judgment of the court, and remand the cause for another trial.